UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No. 09-0317 (ESH) |
| BUREAU OF PRISONS *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In this action brought under the Constitution and the Privacy Act, 5 U.S.C. § 552a, plaintiff, a federal prisoner proceeding *pro se*, alleges that the Bureau of Prisons ("BOP") is maintaining a false and inaccurate investigative report about him that is adversely affecting his custody. He also accuses BOP corrections officers of violating his First Amendment rights by retaliating against him for filing grievances and communicating with public officials. In addition to the BOP, plaintiff names as defendants several high-level BOP officials, his warden and a deputy inspector general at the Department of Justice.

Defendants move to dismiss under Federal Rule of Civil Procedure 12 (b)(1) for lack of subject matter jurisdiction, Rule 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim or, in the alternative, for summary judgment under Rule 56. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion for summary judgment as to the Privacy Act claim and transfer the remainder of the case to the United States District Court for the District of New Jersey.

## I. BACKGROUND

Plaintiff is serving a life sentence currently at the Federal Correctional Institution in Fort Dix, New Jersey. He worked in the food services department from 2002 to May 2008, when he was reassigned to the gardening crew, and is currently working as an orderly. (Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 6.) On April 9, 2002, plaintiff filed a grievance about an incident at work and the working conditions in the commissary. He also accused a staff member, Robert Wright, of retaliating against him for a grievance plaintiff had filed against Wright in 2000. (*Id.* ¶ 1; Compl at 5-8.) An investigation conducted by BOP's Office of Internal Affairs found plaintiff's claims of staff misconduct unsubstantiated. (Compl., Ex. 1.)

The resulting Special Investigative Services ("SIS") report dated April 14, 2003, is the subject of the Privacy Act claim. On July 26, 2005, plaintiff filed a grievance with his warden in which he accused the SIS investigator of falsifying the report by indicating that plaintiff had lied. (Decl. of Carolyn Lanphear [Dkt. No. 21-2], Ex. A.) On August 19, 2005, the warden informed plaintiff that an investigation of his allegations was underway but that he would not be informed of the results. (*Id.*) Between August 2005 and July 2008, plaintiff filed grievances and administrative appeals covering various issues, which were ultimately rejected as untimely filed. (Lanphear Decl. ¶¶ 7-8.) Plaintiff filed this action on February 19, 2009.

## II. DISCUSSION

A.   The Court Has Subject Matter Jurisdiction

Although defendants have invoked Fed. R. Civ. P. 12(b)(1) as a basis for dismissal, they have not presented a supporting argument. The Court is satisfied that it has original jurisdiction

over this action under 28 U.S.C. § 1331, inasmuch as the complaint arises under the Constitution and federal law.  The motion to dismiss for lack of subject matter jurisdiction therefore is denied.

B.      Defendants are Entitled to Judgment on the Privacy Act Claim

Defendants assert that plaintiff failed to properly exhaust his administrative remedies on the Privacy Act claim and that the claim is barred by the Act's two-year statute of limitations. The Privacy Act authorizes a lawsuit

> to enforce any liability created under this section . . . [if it is] brought . . . within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5).  *See Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987) (holding that the Privacy Act's statute of limitations begins to run when "the plaintiff knows or should know of the alleged violation").  Plaintiff was aware of the allegedly inaccurate SIS report by August 2005 when he filed his grievance.  His exhibits include the final agency action of March 16, 2006, rejecting his grievance as untimely.  (Pl.'s Opp'n, Ex. 14.)  Plaintiff therefore had until March 16, 2008, to file a lawsuit based on this claim.  Because he did not file this action until February 2009, the Court finds the Privacy Act claim to be time-barred.  It therefore will not address whether plaintiff properly exhausted his administrative remedies.

C.      This Venue is Improper for Litigating Plaintiff's Surviving Claim

As to the remaining claim of retaliation, defendants correctly assert that any claim based on acts that occurred prior to December 22, 2005, are barred by *res judicata* because plaintiff raised or could have raised those claims in a prior civil action in the District of New Jersey. Def.'s Mem. at 27-28 & Ex. D (Opinion); *see Toolasprashad v. Wright*, 232 Fed.Appx. 208 (3d

Cir. 2007) (affirming district court ruling); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) ("[T]he parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate--even if they chose not to exploit that opportunity--whether the initial judgment was erroneous or not.")

As to any surviving retaliation claims, defendants correctly argue that this venue is improper for litigating those claims because none of the alleged misconduct occurred in the District of Columbia. *See* 28 U.S.C. § 1391(b) (designating the proper venue as the judicial district where a substantial part of the events occurred). Moreover, defendants correctly argue that this Court lacks personal jurisdiction over the officials at FCI Fort Dix whom plaintiff directly implicates in the alleged retaliatory conduct and against whom such a claim is properly brought.[1] *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (finding that a federal official may be held personally liable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), only for unconstitutional conduct in which he was personally and directly involved).

For the foregoing reasons, the Court grants defendants' motion for summary judgment as to the Privacy Act claim and transfers the remainder of the case to the District of New Jersey. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 29, 2009

---

[1] Based on plaintiff's supplemental submissions that the Court has allowed to be filed, the alleged retaliatory conduct appears to be ongoing at FCI Fort Dix.